UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ALYA SKIN PTY. LTD.,<br><br>    Defendant. | Case No. 19-cv-00679-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 98 |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint, Dkt. No. 98, which is now fully briefed, *see* Dkt. Nos. 101, 102.[1]

Plaintiff seeks to "(1) add Macek Consulting LLC and Jason Macek, doing business as Dollar Fulfillment, as Defendants and (2) add claims for Trademark Counterfeiting under 15 U.S.C. § 1114(1)(a) and Trademark Cybersquatting under 15 U.S.C. § 1125(d)." Dkt. No. 98 at 4. Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining whether leave to amend should be granted are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003).

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Having carefully considered the parties' arguments, the Court finds that Defendant has failed to demonstrate prejudice or make a strong showing as to any of the other *Foman* factors, such that the presumption in favor of granting leave to amend controls. Defendant's detailed arguments regarding futility are better suited to resolution on a motion to dismiss and do not persuade the Court that leave should be denied.[2] The Court thus **GRANTS** Plaintiff's motion. The second amended complaint must be filed by July 26, 2022.

**IT IS SO ORDERED.**

Dated:   7/20/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Defendant asks the Court to take judicial notice of two exhibits in support of its opposition to Plaintiff's motion for leave to file a second amended complaint. *See* Dkt. No. 101-2. The Court does not find these documents necessary to analyze whether leave should be granted and accordingly denies the request.

2